United States District Court
Southern District of Texas

**ENTERED**

March 31, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **WILMER ALEXANDER RUIZ-TURCIOS,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00417** |
| | § | |
| **WARDEN OF RIO GRANDE** | § | |
| **PROCESSING CENTER, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

## <u>ORDER</u>

Pending before the Court is Petitioner Wilmer Ruiz Turcios's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials and the Department of Homeland Security (DHS).

Petitioner filed his Petition for Writ of Habeas Corpus on March 17, 2026. (Dkt. 1.) Petitioner is noncitizen who was been living in the United States prior to his recent apprehension by ICE. (*Id*. at 18–19; Dkt. 6 at 2.) In May of 2024 Petitioner submitted an I-589 Application for Asylum with United States Citizenship and Immigration Services (USCIS). (*Id.* at 19.) Mr. Ruiz also applied and was approved for employment authorization in November of 2024. (Dkt. 1, Attach. 2.) In February of 2026, Mr. Ruiz was detained near his home in Laredo, Texas on his way to work. (Dkt. 1 at 19; Dkt. 6, Attach. 2.) Petitioner argues he is being unlawfully detained subject to mandatory detention under 8 U.S.C. § 1225(b)(2) in violation of the Immigration and Nationality Act and the due process clause of the Fifth Amendment. (Dkt. 1 at 21.) He asks the

1 / 5

Court to order his immediate release or in the alternative, provide him with a bond hearing. (*Id*. at 22.)

The Court ordered Respondents to respond to Petitioner's petition on or before March 23, 2026. (Dkt. 6.) On February 6, 2026, the United States Court of Appeals for the Fifth Circuit addressed the dispute over the statutory interpretation of 8 U.S.C. § 1225(b)(2)'s mandatory detention provision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). In the precedential decision, the Fifth Circuit determined that noncitizens apprehended in the interior who entered without inspection are "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore are not entitled to bond hearings under 8 U.S.C. § 1226(a). *Id.* at 498. The decision was limited to the statutory interpretation of the applicable provisions and left unresolved other claims brought by petitioners challenging their mandatory detention, including constitutional questions under the Due Process Clause. *Id.* at 508. Respondents filed a timely response addressing Petitioner's claims in light of the decision in *Buenrostro-Mendez*, (Dkt. 6).

Upon review of Petitioner's case, the Court finds that Petitioner's due process claim presents nearly identical legal questions to those previously considered by the Court in *Bonilla Chicas v. Warden*, 2026 WL 539475 (S.D. Tex. Feb. 20, 2026), in which the Court determined that the petitioner's detention by ICE violated his rights under the Due Process Clause. Because Petitioner's legal claims are materially indistinguishable from those considered by the Court in *Bonilla Chicas* and because Respondents have failed to offer controlling precedent or reasoning that would justify reaching a different result in this case, the Court is unpersuaded to alter its prior

analysis of the issue.[1] In accordance with its prior analysis, the Court holds that because Petitioner

is a noncitizen who previously entered the United States without inspection and has established

ties to the United States through his residency, the Due Process Clause of the Fifth Amendment

guarantees Petitioner an individualized assessment of his flight risk and dangerousness and an

opportunity to respond prior to detention by ICE. This conclusion is further supported by the

growing number of district courts that have likewise found that mandatory detention of noncitizens

who have established a presence in the United States violates their procedural due process rights.

*See, e.g.*, *Vieira v. De Anda-Ybarra*, 2025 WL 2937880, at *7 (W.D. Tex. Oct. 16, 2025); *Lopez-*

*Arevelo v. Ripa*, 801 F. Supp. 3d 668, 687 (W.D. Tex. 2025) (collecting cases); *Hernandez-*

*Fernandez v. Lyons*, 2025 WL 2976923, at *7 (W.D. Tex. Oct. 21, 2025); *Marceau v. Noem et al.*,

2026 WL 368953, at *2 (W.D. Tex. Feb. 9, 2026); *Clemente Ceballos v. Garite,* 3:26-cv-00312-

DB, at *3 n. 2 (W.D. Tex. Feb 10, 2026).

Thus, the Court holds that because Petitioner's detention violates his rights under the Due

Process Clause of the Fifth Amendment, he is entitled to equitable relief and that the appropriate

---

[1] Respondents now raise the argument that Petitioner failed to exhaust his administrative remedies prior to filing his habeas petition. Exhaustion of administrative remedies is statutorily required only on appeals from final orders of removal. *Hniguira v. Mayorkas*, 2024 WL 1201634, at *6 (S.D. Tex. Mar. 20, 2024). (citing 8 U.S.C. § 1252(d)(1)). Petitioner does not seek review of a final order of removal; therefore the Court finds that exhaustion of administrative remedies is not statutorily mandated here, and the Court is not barred from hearing Petitioner's claims. Moreover, "exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir.1994)). Here, Respondents argue that Petitioner must exhaust the administrative remedy of requesting a bond hearing from an IJ. (Dkt. 6 at 9.) Given the BIA decision in *Matter of Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), stating that IJs do not have jurisdiction to hear bond requests from "aliens who are present in the United States without admission," and Respondents' position that Petitioner is subject to mandatory detention under 8 U.S.C. 1225(b)(2), pursuing such a request would be a patently futile course of action.

remedy is Petitioner's immediate release from custody with additional safeguards against redetention.

## CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED**. Respondents' Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss, or in the Alternative Motion for Summary Judgment, (Dkt. 6), is **DENIED**.

1.    Respondents are **ORDERED** to **RELEASE** Petitioner from custody immediately, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release within 24 hours of the date of this Order.

2.    Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than three hours** prior to Petitioner's release from custody.

3.    Respondents must return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention.

4.    If Petitioner is redetained, all applicable regulations and procedures must be followed, including that Petitioner be afforded an individualized assessment of Petitioner's flight risk and dangerousness as guaranteed under the Due Process Clause of the Fifth Amendment.

5.    Within two weeks of the date of this Order, the parties shall **FILE** advisories with the Court indicating whether the parties oppose entry of a final judgment in this case.

IT IS SO ORDERED.

SIGNED this March 31, 2026.

Diana Saldaña
United States District Judge